1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASPAL SINGH WALIA, )
　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff, ) CASE NO. C07-1251-RSL
　　　　　　　　　　　　　　　　　)
　　v. )
　　　　　　　　　　　　　　　　　)
SEATTLE GOODWILL, et al., ) ORDER DENYING MOTION
　　　　　　　　　　　　　　　　　) FOR APPOINTED COUNSEL
　　　　　　　Defendants. )
_____)

13    Plaintiff has filed a *pro se* complaint in this Court pursuant to Title VII of the Civil Rights

14 Act of 1964, 42 U.S.C. § 2000e et seq., alleging employment discrimination based on retaliation

15 for his filing of a complaint with the Equal Employment Opportunity Commission (EEOC) on

16 December 3, 2004. (*See* Dkt. # 1). This matter is currently before the Court on Plaintiff's

17 Motion for Appointed Counsel. (Dkt. # 2). Defendants have filed opposition to the motion on

18 grounds that Plaintiff's claims are not sufficiently meritorious to warrant appointment of counsel

19 (Dkt. #14), and Plaintiff has filed a response (Dkt. #16). Having reviewed Plaintiff's motion, and

20 the balance of the record, the Court does hereby find and ORDER:

21    (1)    There is no constitutional right to appointed counsel for employment

22 discrimination claims. *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 366, 369,

23 (9th Cir. 1982) (citing *Moore v. Sun-Beam Corp.*, 459 F.2d 811 (5th Cir. 1977)). However, 42

24

25 ORDER DENYING MOTION FOR
APPOINTED COUNSEL
26 Page - 1

U.S.C. § 200e-5(f)(1) authorizes the appointment of counsel "in such circumstances as the court may deem just." The factors are relevant to the Court's determination of whether to appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; and (3) whether the plaintiff's claim has merit. *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981); *Ivey*, 673 F.2d at 269.

Here, Plaintiff satisfies the second factor, which requires that a plaintiff make what can be considered a reasonably diligent effort under the circumstances to obtain counsel. *Bradshaw*, 662 F.2d at 1319. In his motion, Plaintiff indicates that from mid-March 2007 to early November 2007, he contacted fifteen law firms who could not represent him for one reason or the other. (Dkt. #2 at 2). However, Plaintiff does not appear to satisfy the first and third factors. However, Plaintiff fails to make a sufficient showing of indigency to satisfy the first factor. Plaintiff has not sought or been granted *in forma pauperis* status in this matter. Moreover, while the statute does not require that one be a pauper before counsel may be appointed, Plaintiff's financial affidavit reflects that he and his spouse, together have monthly income of $4,000, he has cash in a savings or checking account, and he owns bank CDs of significant value. (Dkt. #2 at 6).

Additionally, Plaintiff does not appear to satisfy the third factor for appointment of counsel as he has not demonstrated that his retaliation claims have merit. Plaintiff claims that after he filed a discrimination complaint with EEOC in December 2004, the defendants retaliated against him through acts that allegedly included false allegations, work harassment, denial of promotion/transfer, denial of training, negative performance appraisals, threat, frivolous action plans, frivolous warning, creation of hostile work environment, criticizing him but refusing to tell him what he did wrong, refusing to follow up on his responses, setting him up for termination,

ORDER DENYING MOTION FOR
APPOINTED COUNSEL
Page - 2

1  trying to undermine his official position, and having a disengaged attitude. (*See* Dkt. #1 at 4).

2  Thereafter, Plaintiff filed charges of discrimination based on retaliation with the EEOC in July

3  2006 and in January 2007. (*See* Dkt. #1, Ex. 40 and Ex. 51). The EEOC separately dismissed

4  each of these charges on the following basis:

> The EEOC issues the following determination: *Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.* This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charged.

8  (Dkt. #1 at 70-71) (emphasis added).

9  When evaluating the merits of a Title VII claim, the determination of the EEOC as to the

10 merits of the claim is not preclusive, but it is considered highly probative. *Caston v. Sears,*

11 *Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977). Here, Plaintiff contends that the EEOC's

12 dismissal of the charges was unjustified and unexplained because the EEOC failed to produce

13 and document any findings of facts about the retaliation allegations; the EEOC investigator cited

14 a lack of time and resources on their part to sufficiently devote to the investigation; and the

15 EEOC failed to research the objective truth, choosing to ignore his substantial evidence in favor

16 of statements presented by defendant Seattle Goodwill. (Dkt. #2 at 3). However, in the section

17 of the EEOC's dismissal of Plaintiff's retaliation charges that is emphasized above, the EEOC

18 clearly indicates that it conducted an investigation, and Plaintiff has not produced any evidence

19 other than his own allegations to refute that an investigation occurred.

20 Moreover, this court finds that the EEOC's determination was supported by substantial

21 evidence because along with the particulars of Plaintiff's charges and defendant Seattle

22 Goodwill's responses thereto, the EEOC was also provided copies of many of the key exhibits

23 that Plaintiff proffers in support of the present employment discrimination action (e.g., Plaintiff's

ORDER DENYING MOTION FOR
APPOINTED COUNSEL
Page - 3

1 performance reviews for and Action Plans for 2005 and 2006, written warning/Employee
2 Intervention form to Plaintiff in 2005 and 2006, and Plaintiff's written responses to these
3 documents). (*See* Dkt. # 15, Ex. 4 nn. 2-13).

4     Thus, given the significant level of Plaintiff's financial resources and in the absence of a
5 showing that his suit has a reasonable likelihood of success on the merits, these circumstances do
6 not warrant appointment of counsel.

7     (2)    Accordingly, Plaintiff's Motion for Appointed Counsel (Dkt. #2) is DENIED.
8     (3)    The Clerk is directed to send a copy of this Order to Plaintiff, to counsel for
9 Defendants, and to the Honorable Robert S. Lasnik.

10     DATED this 22nd day of January, 2008.

*[signature]*

MONICA J. BENTON
United States Magistrate Judge

ORDER DENYING MOTION FOR
APPOINTED COUNSEL
Page - 4